United States District Court
Southern District of Texas
**ENTERED**
June 19, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOMER B. BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-19-1768 |
| | § | |
| ANDREW SAUL, COMMISSIONER OF | § | |
| SOCIAL SECURITY,         § | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court in this social security appeal is Defendant's Cross Motion for Summary Judgment and Brief in Support (Document No. 11 & 12) and Plaintiff's Cross Motion for Summary Judgment (Document No. 13). After considering the cross motions for summary judgment, the responses, the administrative record, the written decision of the Administrative Law Judge dated August 11, 2015, and the applicable law, the Court ORDERS, for the reasons set forth below, that Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and this matter is REMANDED to the Commissioner for further proceedings.

### I.     INTRODUCTION

Plaintiff Christopher Brown ("Brown") brings this action pursuant to Section 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("Commissioner") on his claim for disability insurance benefits. In one claim, Brown argues that "Defendant failed to

consider all of the evidence." Plaintiff's Motion for Summary Judgment (Document No. 13) at 1. The Commissioner, in contrast, argues that there is substantial evidence in the record to support the ALJ's decision, that the decision comports with applicable law, and that the decision should be affirmed.

## II.     PROCEDURAL HISTORY

On July 21, 2016, Brown filed an application for disability insurance benefits ("DIB"), claiming that he had been unable to work since June 24, 2016, as a result of multiple sclerosis, dizziness, blurred vision, abnormalities of the brain, nystagmus, partial paralysis of his left leg, fainting episodes, imbalance, fluid in knee, extreme back pain, knee pain, neck pain, and depression (Tr. 28, 333-36, 365). The Social Security Administration denied his application at the initial and reconsideration stages. After that, Brown requested a hearing before an ALJ. The Social Security Administration granted his request and the ALJ, Robert N. Burdette, held a hearing on May 17, 2018. Thereafter, on July 2, 2108, the ALJ issued his decision finding Brown not disabled. (Tr. 28-40).

Brown sought review of the ALJ's adverse decision with the Appeals Council. The Appeals Council will grant a request to review an ALJ's decision if any of the following circumstances are present: (1) it appears that the ALJ abused his discretion; (2) the ALJ made an error of law in reaching his conclusion; (3) substantial evidence does not support the ALJ's actions, findings or conclusions; or (4) a broad policy issue may affect the public interest. 20 C.F.R. § 416.1470. On March 18, 2019, the Appeals Council found no basis for review (Tr. 1–7), and the ALJ's decision thus became final.

Brown filed a timely appeal of the ALJ's decision. 42 U.S.C. § 405(g). Both sides have filed a Motion for Summary Judgment, each of which has been fully briefed. The appeal is now ripe for ruling.

### III. STANDARD FOR REVIEW OF AGENCY DECISION

The court's review of a denial of disability benefits is limited "to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Indeed, Title 42, Section 405(g) limits judicial review of the Commissioner's decision: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Act specifically grants the district court the power to enter judgment, upon the pleadings and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" when not supported by substantial evidence. 42 U.S.C. § 405(g). While it is incumbent upon the court to examine the record in its entirety to decide whether the decision is supportable, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), the court may not "reweigh the evidence in the record nor try the issues de novo, nor substitute [its] judgment for that of the [Commissioner] even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988); *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999); Cook v. Heckler, 750 F.2d 391 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The United States Supreme Court has defined "substantial evidence," as used in the Act, to be "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). Substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.' " *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

**IV.**     **BURDEN OF PROOF**

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). The impairment must be so severe as to limit the claimant in the following manner:

> he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied to work. 42 U.S.C. § 423(d)(2)(A).

The mere presence of an impairment is not enough to establish that one is suffering from a disability. Rather, a claimant is disabled only if he is "incapable of engaging in any substantial

4

gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986)).

The Commissioner applies a five-step sequential process to decide disability status:

1. If the claimant is presently working, a finding of "not disabled" must be made;

2. If the claimant does not have a "severe impairment" or combination of impairments, he will not be found disabled;

3. If the claimant has an impairment that meets or equals an impairment listed in Appendix 1 of the Regulations, disability is presumed and benefits are awarded;

4. If the claimant is capable of performing past relevant work, a finding of "not disabled" must be made; and

5. If the claimant's impairment prevents him from doing any other substantial gainful activity, taking into consideration his age, education, past work experience and residual functional capacity, he will be found disabled.

*Anthony*, 954 F.2d at 293; see also *Leggett v. Chater*, 67 F.3d 558, 563 n.2 (5th Cir. 1995); *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991).

Under this framework, the claimant bears the burden of proof on the first four steps of the analysis to establish that a disability exists. If successful, the burden shifts to the Commissioner, at step five, to show that the claimant can perform other work. *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). Once the Commissioner shows that other jobs are available, the burden shifts, again, to the claimant to rebut this finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). If, at any step in the process, the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Leggett*, 67 F.3d at 563.

Here, the ALJ found at step one that Brown had not worked at the substantial gainful activity level after the alleged onset date of June 24, 2016. At step two, the ALJ determined that Brown had the following severe impairments: multiple sclerosis, bilateral knee arthritis, dizziness, lower back pain from a 1995 gunshot wound, lumbar radiculopathy (Tr. 31, Finding

3). At step three, the ALJ concluded that Brown did not have an impairment or a combination of impairments that met or equaled a listed impairment (Tr. 32-33). Prior to consideration of steps four and five, the ALJ determined that Brown had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), except that Brown was limited to a total of two hours of standing and/or walking during an eight-hour workday. In addition, the ALJ determined that he could not climb ropes, ladders or scaffolds, and would need to avoid even moderate exposure to extreme heat and avoid concentrated exposure to hazards. (Tr. 33, Finding 6). Using that residual functional capacity assessment, the ALJ concluded, at step four, that Brown could not perform his past work. (Tr. 39, Finding 7). At step five, using that same residual functional capacity assessment, and relying on the testimony of a vocational expert, the ALJ concluded that there were jobs in significant numbers in the regional and national economy that Brown could perform, including being an order clerk, a sorter, and a charge account clerk, and that Brown was, therefore, not disabled. (Tr. 40, Finding 12).

In this appeal, Brown argues that the ALJ did not consider all the evidence, particularly that related to his limitations in three areas: cognitive limitations, the physical limitations of multiple sclerosis, and the limitations of fatigue and weakness.

I.     DISCUSSION

Brown argues that the ALJ did not consider all of the evidence in the record, and then proceeds to enumerate the evidence not mentioned by the ALJ, which he claims would have supported a finding of disability. While agreeing with the Commissioner that the ALJ is not required to discuss each and every piece of evidence in the record, *see Castillo v. Barnhart*, 151 Fed.Appx. 334, 335 (5th Cir. 2005) ("That the ALJ did not specifically cite each and every piece

of medical evidence considered does not establish an actual failure to consider the evidence."), much of evidence identified by Brown reveals an infirmity in the ALJ's decision in evaluating Brown's cognitive limitations(s) and his fatigue as both of those limitations relate to his residual functional capacity.

Brown testified at the administrative hearing that he has difficulty remembering information. (Tr. 246, 247, 251). That testimony is consistent with the medical evidence and Brown's complaints to Dr. Karpinos in January 2017, and January 2018, about memory loss (Tr. 74, 172). It is also consistent with the observations that were made by the Social Security Administration from a August 2016 telephone interview with Brown and the specific notation of the interviewer that Brown "had trouble remembering dates and staying focused on topic." (Tr. 362). While the claimant is able to drive, which requires a level of concentration, he testified at the administrative hearing that he can do so for only short periods of time. The claimant's diminished ability to concentrate was not considered by the ALJ nor is it reflected in the ALJ's residual functional capacity.

What is in the ALJ's decision is a consideration of Brown's mental limitations as they relate to Brown's non-severe impairment of anxiety. In particular, the ALJ found at step two that Brown's anxiety was medically determinable but not severe because he had no limitation in the area of understanding, remembering or applying information, mild limitation in the area of interacting with others, mild limitation in the area of concentrating, persisting or maintaining pace, and no limitation in the area of adapting or managing oneself. This evaluation by the ALJ of Brown's anxiety has no real bearing on the memory deficits Brown claims to have. Brown's alleged memory loss is, as opined by Dr. Karpinos in September 2018, related to Brown's multiple sclerosis (Tr. 11), and not a product of his alleged anxiety. While Dr. Karpinos'

opinion post-dates the ALJ's July 2, 2018 decision, the alleged memory loss that made the basis of that opinion was contained in the medical record (Tr. 63, 64, 67, 74, 147, 172, 522-23) and was testified to by Brown at the hearing. The ALJ's failed to account for that record evidence. Given Dr. Karpinos' September 2018 opinion about Brown's memory loss (Tr. 11) and the results of the September 2018 neuropsychological testing on Brown (Tr. 14: "On a list-learning task, his performance was extremely low. Delayed memory for a word list was extremely low. Immediate story memory was below average. Delayed story memory was borderline impaired. Of note, he retained an adequate amount of information that he previously learned on this task. Immediate visual memory and delayed visual memory were high average. Mr. Brown benefitted from recognition cues on 1 of 3 tasks"), it cannot be said that the ALJ's failure to consider Brown's alleged memory loss was harmless. *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (An error is harmless if it does not "affect the substantial rights of a party," or when it "is inconceivable that the ALJ would have reached a different conclusion" absent the error); *Bornette v. Barnhart*, 466 F.Supp.2d 811, 816 (E.D. Tex. 2006) ("Harmless error exits when it is inconceivable that a different administrative conclusion would have been reached absent the error."). "In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). Here, because the ALJ failed to do so as it relates to Brown's memory loss, remand is warranted for further consideration of Brown's memory loss on his RFC.

In addition, the ALJ's RFC failed to take into account, or make any consideration for, Brown's difficulties with fatigue which are, again, related to his multiple sclerosis. Throughout

the record there is evidence of Brown's fatigue, including him struggling to perform household chores, sleeping all day long, diminished energy levels, and remaining limited to only 25-30 minutes of activity before needing 1-4 hours of rest (Tr. 12, 51, 74, 82, 84, 86, 105, 131, 172, 240, 241, 251, 255, 256).  Brown testified at length about his fatigue at the administrative hearing.  When attempting to overcome his fatigue by exercising, Brown testified that he suffers from double vision, and feels like he is about to vomit (Tr. 240, 241, 242, 257); that he feels extremely limited in his ability to carry out daily tasks; and that he becomes lethargic, frustrated, and tired during the day (Tr. 257). To mitigate the effects of fatigue, Brown also testified that he rests three hours every day before his wife and children come home (Tr. 256). No mention or consideration was made by the ALJ about Brown's fatigue as a limitation with any bearing on Brown's RFC.  Again, given the record evidence of Brown's fatigue, and Dr. Karpinos' post-decision opinion that directly links Brown's fatigue to his diagnosis of multiple sclerosis (Tr. 11, 240), it cannot be said that the ALJ considered all of Brown's impairments and limitations in formulating an RFC.  Remand is, therefore, also warranted for further consideration of Brown's fatigue on his RFC.

One additional issue deserves some comment.  As argued by the Commissioner, Dr. Karpinos' opinion and the results of neuropsychological testing were not considered by the ALJ because they both post-dated the ALJ's July 2018 decision.  Although the Commissioner argues that the evidence is new, and not material insofar as it did not relate to the time period between Brown's alleged onset date and the ALJ's July 2, 2018 decision, both Dr. Karpinos' opinion and the results of the neuropsychological testing *are* directly related to Brown's memory loss and his fatigue, evidence of which was in the record before the ALJ's July 2, 2018, decision.  Under Fifth Circuit precedent, "evidence submitted for the first time to the Appeals Council is part of

the record on appeal." *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). When a claimant submits new evidence and the Appeals Council denies review after considering the evidence, "the Commissioner's final decision necessarily includes the Appeal Council's conclusion that the ALJ's findings remained correct despite the new evidence." *Id.* at 336 (internal quotation marks and citations omitted). Although the Appeals Council is not required to provide a detailed analysis of, or otherwise explain the weight to be given, to new evidence, *Higginbotham*, 405 F.3d at 335 n. 1, if the new evidence *dilutes* the record to such an extent that the ALJ's decision become insufficiently supported, remand is warranted. *Higginbotham v. Barnhart*, 163 F.App'x. 279, 281-82 (5th Cir. 2006).

Here, the new evidence submitted by Brown to the Appeals Council both supports Brown's argument that the ALJ should have considered his memory loss and fatigue, and dilutes the record to the extent that the ALJ's RFC, which did not take into consideration or accommodate for, Brown's memory loss and fatigue, is not supported by substantial evidence. Based on the entire record, including Dr. Karpinos' opinion and the results of the neuropsychological testing, the undersigned concludes that the ALJ's RFC is not supported by substantial evidence, and that remand is warranted for further consideration of Brown's memory loss and fatigue on his RFC.

## VI. CONCLUSION AND ORDER

Based on the foregoing, and the conclusion that substantial evidence does not support the ALJ's RFC insofar as no consideration was given to Brown's alleged memory loss and fatigue related to his multiple sclerosis, it is

ORDERED that Plaintiff's Motion for Summary Judgment (Document No. 13) is GRANTED, Defendant's Motion for Summary Judgment (Document No. 11) is DENIED, and this case is REMANDED to the Social Security Administration pursuant to 42 U.S.C. § 405g, for further proceedings consistent with this opinion.

Signed at Houston, Texas, this 19th day of June, 2020.

Frances H. Stacy
United States Magistrate Judge